IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURCH MICHAEL BOWEN,

    Plaintiff,                                   No. 2:11-cv-2365-GEB-EFB

    vs.

JEFF NEVES, et al.,

    Defendants.                          <u>ORDER</u>

_____/

      On October 24, 2012, the court heard plaintiff's motion to compel defendants to produce further responses to plaintiff's requests for production of documents. Dckt. No. 17. Attorney Stewart Katz appeared on behalf of plaintiff and attorney Andrew Caulfield appeared on behalf of defendants. As stated on the record and for the reasons stated on the record, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion to compel, Dckt. No. 17, is granted in part and denied in part.

      2. On or before November 2, 2012, the parties shall meet and confer in an attempt to prepare and submit a stipulated protective order pursuant to Eastern District of California Local Rule 141.1(b)(1) and (c).

      3. Unless the parties are unable to reach agreement regarding the terms of the protective order, the parties shall file a stipulated protective order on or before November 2, 2012. The

1

parties shall also email a Word or Word Perfect version of the stipulated protective order to efborders@caed.uscourts.gov.

    4. If the parties are unable to reach agreement regarding the terms of the protective order, the parties shall file, on or before November 2, 2012, a supplemental joint statement indicating the basis for their disagreement, as well as a summary of all meet and confer efforts. Each party shall also file a proposed protective order and shall email a Word or Word Perfect version of the proposed protective order to efborders@caed.uscourts.gov. The parties are admonished that a failure to meet and confer in good faith could result in the imposition of sanctions.

    5. Within fourteen days of the entry of a protective order herein, defendants shall produce, subject to the protective order:

    a. All documents which relate to allegations, complaints, investigations, or discipline against or involving defendants Brown, Coburn, and Parker for or regarding any alleged unlawful entry and/or the use of excessive force, as well as all documents reflecting defendants Brown, Coburn, and Parker's educational and employment history, employee advancement, and training received.

    b. All documents which relate to allegations, complaints, investigations, or discipline against or involving defendant Parker for or regarding any alleged failure to properly investigate citizen complaints or discipline officers.

    c. All unredacted documents constituting reports of the incident and all documents which constitute oral or written statements pertaining to the incident.[1] Defendants need not produce confidential communications between counsel's office and his clients that are protected by the attorney-client privilege, but if such documents are withheld, defendants shall

---

[1] The term "incident" herein is defined as the circumstances and events surrounding defendants Coburn and Brown's actions at 2913 Maple Street, Pollock Pines, CA 95726 on September 27, 2009, as specified in greater detail in plaintiff's complaint.

1  certify, under penalty of perjury, that all documents withheld on that basis constitute confidential
2  communications in which legal advice was sought from or provided by defendants' attorneys.  If
3  any other documents are withheld as privileged or as protected work product, defendants shall
4  produce an amended privilege log which details, for each document withheld, the date the
5  document was prepared, the author of the document, the recipient(s) of the document, the subject
6  matter of the document, and the reason that document was withheld.

       d.  An unredacted copy of all documents which constitute El Dorado County Sheriff's Office Report No. EG0909637.

   6.  Each party shall bear its own costs.

SO ORDERED.

DATED:  October 25, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE