| | |
|---|---|
| STEWART KATZ, SBN 127425 | ANDREW T. CAULFIELD, SBN 238300 |
| GUY DANILOWITZ, SBN 257733 | RICHARD H. CAULFIELD, SBN 50258 |
| LAW OFFICE OF STEWART KATZ | CAULFIELD LAW FIRM |
| 555 University Avenue, Suite 270 | 1101 Investment Blvd., Suite 120 |
| Sacramento, California 95825 | El Dorado Hills, CA 95762 |
| Telephone: (916) 444-5678 | Telephone: (916) 933-3200 |
| | |
| Attorneys for Plaintiff Burch Bowen | Attorneys for Defendants County of El Dorado, Jeff Neves, Gary Parker, Steven Coburn, and Simon Brown |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURCH MICHAEL BOWEN, | NO. 2:11-CV-02365-GEB-EFB |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| COUNTY OF EL DORADO; Former El Dorado County Sheriff JEFF NEVES; El Dorado County Sheriff's Office Sergeant GARY PARKER (#243); El Dorado County Sheriff's Office Deputy STEVEN COBURN (#1304); El Dorado County Sheriff's Office Deputy SIMON BROWN (#742); and DOES 1 through 10, inclusive, | |
| Defendants. | |
| _____/ | |

Pursuant to the Court's Order, filed on October 26, 2012 (Dckt. No. 21) (hereinafter "the Discovery Order"), and Local Rule 141.1(b)(1) and (c), it is hereby stipulated by the parties, by and through their undersigned counsel of record, and it is hereby ordered that the following Protective Order be entered and effect be given to the terms and conditions set forth below:

Bowen – Stipulated Protective Order                                                                                                           1

1. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence and relevant case law.

2. "Confidential Material" consists of the following categories of documents as identified in the Discovery Order.  The parties agree to treat the various categories of Confidential Material in the manner detailed herein.

   A. All documents which relate to allegations, complaints, investigations, or discipline against or involving defendants Brown, Coburn, and Parker for or regarding any alleged unlawful entry and/or the use of excessive force, as well as all documents reflecting defendants Brown, Coburn and Parker's educational and employment history, employee advancement, and training received.  The parties understand that this category of documents may contain and include reference to employees of the El Dorado County Sheriff's Office who are not named defendants in this action.  The parties also understand that this category of documents may contain and include reference to non-employee, third parties who have provided information to the Sheriff's Office in connection with a complaint or investigation.  The documents to be produced in this category may be redacted to the extent that they contain social security numbers, information pertaining to mental health or medical history, religious affiliation, home addresses, and contact or personal information regarding the Defendant or his family members, non-defendant employees of the El Dorado Sheriff's Department, or non-employee third parties.

   B. All documents which relate to allegations, complaints, investigations, or discipline against or involving defendant Parker for or regarding any alleged failure to properly investigate citizen complaints or discipline officers.  The parties understand that this category of documents may contain and include reference to employees of the El Dorado County Sheriff's Office who are not named defendants in this action.  The parties also understand that this category of documents may contain and include reference to non-employee, third parties who have provided information to the Sheriff's Office in

1  connection with a complaint or investigation.  The documents to be produced in this
2  category may be redacted to the extent that they contain social security numbers,
3  information pertaining to mental health or medical history, religious affiliation, home
4  addresses, and contact or personal information regarding the Defendant or his family
5  members, non-defendant employees of the El Dorado Sheriff's Department, or non-
6  employee third parties.

7          C.      All unredacted documents constituting reports of the incident and all
8  documents which constitute oral and written statements pertaining to the incident.  The
9  term "incident" herein is defined as the circumstances and events surrounding defendants
10 Coburn and Brown's actions at 2913 Maple Street, Pollock Pines, CA 95726 on September
11 27, 2009, as specified in greater detail in plaintiff's complaint.  Defendants need not
12 produce confidential communications between counsel's office and his clients that are
13 protected by the attorney-client privilege, but if such documents are withheld, defendants
14 shall certify, under penalty of perjury, that all documents withheld on that basis constitute
15 confidential communications in which legal advice was sought from or provided by
16 defendants' attorneys.  If any other documents are withheld as privileged or as protected
17 work product, defendants shall produce an amended privilege log which details, for each
18 document withheld, the date the document was prepared, the author of the document, the
19 recipient(s) of the document, the subject matter of the document, and the reason that
20 document was withheld.

21         D.      An unredacted copy of all documents which constitute El Dorado
22 County Sheriff's Office Report No. EG0909637.

23     3.      Pursuant to Local Rule 141.1(c)(2) and (3), and as reflected in the Discovery
24 Order, the Court has determined that there is a particularized need for protection as to each
25 category described in Paragraph 2 above, and that a court order is required, as opposed to a
26 private agreement between or among the parties.  By designating the aforementioned
27 categories of documents as "Confidential," under the terms of this Order, the party making
28

Bowen – Stipulated Protective Order         3

the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4.  Confidential Material produced pursuant to this Protective Order will be bates stamped and marked "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5.  Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition, then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

6.  Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

7.  Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following "qualified persons" designated below:

    a.  The parties, including any employees and claims administrators of the parties;
    b.  Experts retained for consultation and/or trial;
    c.  Court reporter(s) employed in this action;
    d.  A witness at any deposition or other proceeding in this action; and
    e.  Any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall agree to the terms thereof.

8. If any party would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties. The parties shall comply with the requirements of Eastern District Local Rule 141 in the event that a party would like Confidential Material to be sealed. The parties agree a request to seal or remove the designation of Confidential Material may be heard on shortened time and/or by telephone conference.

9. This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

10. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

11. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

12. This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 days of final termination of this action which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

//

1  14. Nothing in this stipulation precludes either party from requesting that the confidential designation be removed from any material produced pursuant to this stipulation should any party develop the belief that said material should not be so designated.

IT IS SO STIPULATED.

Dated:   Nov. 2, 2012                               /s/ Stewart Katz
                                                    STEWART KATZ,
                                                    Attorney for Plaintiff
                                                    Burch Bowen

Dated:   Nov. 2, 2012                               /s/ Andrew T. Caulfield
                                                    ANDREW T. CAULFIELD
                                                    Attorney for Defendants County of El
                                                    Dorado, Jeff Neves, Gary Parker,
                                                    Steven Coburn, and Simon Brown

IT IS SO ORDERED.

Dated:  November 6, 2012.

                                                    EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE